**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

**WILSON GROUP NETWORK, INC,**

      **Plaintiffs,**

           **v.**

**CHARLES A. DOLFI, individually
and d/b/a HISTORICAL NEWS JOURNALS
and HISTORICAL NEWS JOURNALS INC.,**
      **Defendants.**

**Case No.: 2:26-cv-687**

**COMPLAINT FOR
COPYRIGHT
INFRINGEMENT AND
STATE LAW CLAIMS**

**JURY TRIAL DEMANDED**

**COUNSEL OF RECORD**

**CENTURION LAW GROUP
E.J SHARIF, ESQ.
5831 FORWARD AVE #296
PITTSBURGH, PA 15217
412.274.9120
Centurionlaw15@gmail.com
www.centurionlaw15.com**

**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

**WILSON GROUP NETWORK, INC,**

**Case No.: 2:26-cv-687**

    **Plaintiffs,**

        **v.**

**CHARLES A. DOLFI, individually
and d/b/a HISTORICAL NEWS JOURNALS
and HISTORICAL NEWS JOURNALS INC.,**
    **Defendants.**

**COMPLAINT FOR COPYRIGHT INFRINGEMENT AND STATE LAW CLAIMS**

**JURY TRIAL DEMANDED**

**COMPLAINT FOR COPYRIGHT INFRINGEMENT AND STATE LAW CLAIMS**

NATURE OF THE ACTION

1. Plaintiffs, Wilson Group Network, Inc, collectively, "Plaintiffs", bring this action against Defendant(s), Historical News Journals, Historical News Journals, Inc, and Chip Dolfi ("Defendants"), to seek redress for willful copyright infringement under the Copyright Act of 1976, 17 U.S.C. § 101 et seq., and related state law claims including Bad Faith and Unjust Enrichment.

2. This action arises from Defendant's unauthorized use, reproduction, and distribution of intellectual property belonging to the Plaintiffs, specifically the publication and creative assets associated with the "Black Chronicle."

PARTIES

3. Plaintiff Wilson Group Network is a business located in Allegheny County, Pennsylvania.

4. Defendant Charles A. Dolfi is an individual and, upon information and belief, a resident of Pennsylvania, conducting business within the jurisdiction of this Court, including individually and d/b/a Historical News Journals and Historical News Journals Inc.

JURISDICTION AND VENUE

5. This Court has original subject matter jurisdiction over the copyright infringement claims pursuant to 28 U.S.C. §§ 1331 and 1338(a), as this action arises under the laws of the United States.

6. This Court has supplemental jurisdiction over the state law claims for Bad Faith and Unjust Enrichment pursuant to 28 U.S.C. § 1367, as those claims are so related to the federal claims that they form part of the same case or controversy.

7. Venue is proper in the Western District of Pennsylvania pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(a), as the Defendant resides in this district and a substantial part of the events giving rise to the claims occurred herein.

FACTUAL ALLEGATIONS

8. Plaintiffs are the sole owners and creators of the "Black Chronicle," an original work including literary content, mastheads, and most relevantly, distinctive creative arrangements (the "Work").

9. At all times relevant hereto, Defendant operated Historical News Journals Inc. as a mere alter ego and/or shell entity to insulate himself from personal liability while engaging in infringing activities.

10. Upon information and belief, Historical News Journals Inc. is undercapitalized, fails to observe corporate formalities, and commingles funds with Defendant Dolfi's personal accounts.

11. Under the "Enterprise Liability" doctrine recognized by the Pennsylvania Supreme Court in Mortimer v. McCool, the corporate veil should be pierced to hold Defendant Dolfi personally liable for the acts of the entity.

12. Plaintiffs hold the exclusive rights to reproduce, distribute, and display the Work.

13. On or about February 11, 2026, the parties met to discuss a potential business arrangement regarding the "Black Chronicle."

14. Following said meeting, Defendant engaged in unauthorized use and distribution of Plaintiffs' protected intellectual property.

15. Without the Plaintiffs' consent or authorization, Defendant has engaged in the unauthorized use of the "Black Chronicle" name, branding, and content for commercial gain.

16. Defendant's continued use of the Work constitutes a willful and deliberate disregard for the Plaintiffs' intellectual property rights.

COUNT I

COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)

17. Plaintiffs incorporate by reference all preceding paragraphs.

18. The "Black Chronicle" Work contains original material that is the subject of copyright protection.

19. Defendant had access to the Work and has reproduced, distributed, and/or displayed the Work or substantially similar (in this case identical) derivative works without Plaintiff's authorization.

20. Defendant's acts constitute direct, contributory, and/or vicarious copyright infringement.

21. As a result of Defendant's infringement, Plaintiffs have suffered significant damages, including lost profits and the diminution of the value of their intellectual property.

COUNT II

ACTION FOR AN ACCOUNTING OF PROFITS (17 U.S.C. § 504)

22. Plaintiffs incorporate by reference all preceding paragraphs.

23. Defendant has derived profits, gross revenues, and other financial benefits from the infringing use, sale, distribution, and promotion of the Work, including through purported "donations."

24. Plaintiffs are entitled to recover Defendant's profits attributable to the infringement pursuant to 17 U.S.C. § 504, and are entitled to an order compelling a full accounting sufficient to determine the gross revenue and profits derived from the infringement.

COUNT III

PIERCING THE CORPORATE VEIL / ENTERPRISE LIABILITY

25. Plaintiffs incorporate by reference all preceding paragraphs.

26. Defendant Charles A. Dolfi dominated and controlled Historical News Journals Inc. such that the entity had no separate mind, will, or existence of its own with respect to the conduct alleged herein.

27. Historical News Journals Inc. functioned as a mere instrumentality, alter ego, and/or part of a single enterprise used to perpetrate wrongdoing and to avoid legal obligations.

28. Under Pennsylvania law, including the enterprise liability doctrine recognized by the Pennsylvania Supreme Court in Mortimer v. McCool, the corporate veil should be

pierced and Defendant Charles A. Dolfi should be held personally liable for the acts and liabilities arising from the infringing conduct described herein.

COUNT IV

UNFAIR TRADE PRACTICES (UTPCPL)

29. Plaintiffs incorporate by reference all preceding paragraphs.

30. Defendant engaged in unfair methods of competition and/or unfair or deceptive acts or practices in the conduct of trade or commerce in violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 P.S. § 201-1 et seq.

31. Defendant's acts and practices caused ascertainable loss to Plaintiffs, and Plaintiffs are entitled to all available relief under the UTPCPL, including actual damages, treble damages where applicable, attorneys' fees, and such other relief as permitted by law.

PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Wilson Group Network, Inc. respectfully request that this Court enter judgment in their favor and against Defendants Charles A. Dolfi, individually and d/b/a Historical News Journals and Historical News Journals Inc., providing the following relief:

A. Entry of a Preliminary and Permanent Injunction enjoining Defendants from the sale, distribution, or promotion of the "Black Chronicle" or any derivative works.

B. An injunction permanently restraining Defendant from further infringing Plaintiffs' copyrights and using the "Black Chronicle" assets;

C. An Order compelling a full accounting of all gross revenues and "donations" made by Defendants since the inception of the infringement.

D. An award of actual damages and any profits realized by Defendant resulting from the infringement, or statutory damages pursuant to 17 U.S.C. § 504;

E. Punitive and compensatory damages for Bad Faith and Unjust Enrichment;

F. An award of reasonable attorneys' fees and costs of this action; and

G. Such other and further relief as the Court deems just and proper.

JURY DEMANDED

Plaintiffs hereby demand a trial by jury on all issues so triable.

Respectfully submitted,

CENTURION LAW GROUP

Dated: April 21, 2026

*s/ Ernest Sharif, Esq.*

*By:*  Ernest Sharif, Esq.

Centurion Law Group
Centurionlaw15@gmail.com
www.centurionlaw15.com
412.274.9120